UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| TAMARA KAY HODGE,  )<br> )<br>    *Plaintiff*,   )<br> )<br>v.       )<br> )<br>KILOLO KIJAKAZI,  )<br>Acting Commissioner of Social Security )<br>Administration,  )<br> )<br>    *Defendant*.  ) | Case No: 4:21-cv-12<br><br>Judge Christopher H. Steger |

## MEMORANDUM OPINION

**I.    Introduction**

Plaintiff Tamara Kay Hodge seeks judicial review under § 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), from her denial of disability insurance benefits and supplemental security income by the Commissioner of the Social Security Administration ("Commissioner") under Titles II and XVI of the Act, 42 U.S.C. §§ 401-34 and 1381-83f. [*See* Doc. 1]. The parties consented to the entry of final judgment by the undersigned United States Magistrate Judge, under 28 U.S.C. § 636(c), with an appeal to the Court of Appeals for the Sixth Circuit. [Doc. 19].

For the reasons that follow, Plaintiff's Motion for Judgment on the Administrative Record [Doc. 24] will be **DENIED**, the Commissioner's Motion for Summary Judgment [Doc. 29] will be **GRANTED**, and judgment will be entered **AFFIRMING** the Commissioner's decision.

**II.    Procedural History**

On August 6, 2018, Plaintiff applied for disability insurance benefits, alleging disability as of June 9, 2018. (Tr. 21). Plaintiff's claims were denied initially as well as on reconsideration. *Id.* As a result, Plaintiff requested a hearing before an administrative law judge. *Id.*

Administrative Law Judge Michael L. Brownfield (the "ALJ") heard testimony from Plaintiff and a vocational expert. (Tr. 21, 34). The ALJ then rendered his decision on December 5, 2019, finding that Plaintiff was "not disabled" as defined by the Act. (Tr. 34).

Following the ALJ's decision, Plaintiff requested that the Appeals Council review the denial; but that request was denied. (Tr. 3). Exhausting her administrative remedies, Plaintiff then filed her Complaint [Doc. 1] on March 24, 2021, seeking judicial review of the Commissioner's final decision under § 405(g). The parties filed competing dispositive motions, and this matter is ripe for adjudication.

### III. Findings by the ALJ

The ALJ made the following findings concerning Plaintiff's application for benefits:

1. Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2023.

2. Plaintiff has not engaged in substantial gainful activity since June 9, 2018, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.* and 416.971 *et seq.*).

3. Plaintiff has the following severe impairments: degenerative disc disease; obesity; mild left hip and knee osteoarthritis; anxiety; depression; and post-traumatic stress disorder (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

4. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920 (d), 416.925, and 416.926).

5. After careful consideration of the entire record, I find that Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except she can occasionally climb, balance, kneel, stoop, crouch, and crawl; she can have no concentrated exposure to extreme cold; she can perform no work at unprotected heights; she can perform simple, routine, repetitive tasks; and she could have occasional contact with the public and coworkers.

6. Plaintiff is unable to perform any past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

7. Plaintiff was born November 2, 1968, and was 49 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date. Plaintiff subsequently changed age category to closely approaching advanced age (20 C.F.R. §§ 404.1563 and 416.963).

8. Plaintiff has at least a high school education and is able to communicate in English (20 C.F.R. §§ 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Plaintiff is "not disabled," whether or not Plaintiff has transferable job skills (*See* SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

10. Considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. Plaintiff has not been under a disability, as defined in the Social Security Act, from June 9, 2018, through the date of this decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

(Tr. 23-34).

### IV. Standard of Review

This case involves an application for disability insurance benefits ("DIB"). An individual qualifies for DIB if she: (1) is insured for DIB; (2) has not reached the age of retirement; (3) has filed an application for DIB; and (4) is disabled. 42 U.S.C. § 423(a)(1).

The determination of disability is an administrative decision. To establish a disability, a plaintiff must show that she is unable to engage in any substantial gainful activity due to the existence of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The following five issues are addressed in

order: (1) if a claimant is engaging in substantial gainful activity, she is not disabled; (2) if a claimant does not have a severe impairment, she is not disabled; (3) if the claimant's impairment meets or equals a listed impairment, she is disabled; (4) if the claimant is capable of returning to work she has done in the past, she is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy, she is not disabled. *Id.* If, at one step, an ALJ makes a dispositive finding, the inquiry ends without proceeding to the next. 20 C.F.R. §§ 404.1520 and 416.920; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a *prima facie* case that she cannot return to her former occupation, then the burden shifts to the Commissioner to show that there is work in the national economy that the claimant can perform considering her age, education, and work experience. *Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review is whether substantial evidence supports the Commissioner's findings and whether the Commissioner made any legal errors in the process of reaching the decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Even if there is contrary evidence, the Commissioner's findings must be affirmed if evidence exists to support the Commissioner's findings. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). Courts may not reweigh the evidence and substitute their judgment for that of the Commissioner because substantial evidence exists to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision-makers. It presupposes a "zone of choice" within which decision-makers can go either way without court interference. *Felisky v. Bowen*, 35 F.3d 1027 (6th

Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y, Health and Human Servs.*, 790 F.2d 450 n.4 (6th Cir. 1986).

Courts may consider any evidence in the record, regardless of whether the ALJ cited to it. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). But courts may not consider evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Courts are also not obligated to scour the record for errors not identified by the claimant. *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. August 18, 2009) (stating that assignments of error not made by claimant were waived). Further, "issues [that] are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

V.     **Analysis**

Plaintiff contends that substantial evidence does not support the ALJ's residual functional capacity ("RFC") determination because the ALJ: (1) impermissibly cherry-picked evidence from the opinion of Mary Leanna Winfrey, PA-C (Certified Physician Assistant); and (2) failed to create a logical bridge between the evidence and the resulting RFC. The Court will address these issues in turn.

A.     **Impermissible cherry-picking**

Plaintiff asserts that the ALJ engaged in impermissible cherry-picking because, "without good rationale," he agreed with PA-C Winfrey's findings of mental impairments that fell below the disability threshold while rejecting those that would have necessitated a finding of disability. [Doc. 25 at 8-9]. She claims that the "ALJ has not explained why certain portions of the opinion were not found persuasive and also failed to explain why other portions were more persuasive."

*Id.* at 9.

It is the job of the ALJ to "weigh evidence, assess credibility, or resolve conflicts in the testimony." *Rottmann v. Comm'r of Soc. Sec.*, 817 F. App'x 192, 196 (6th Cir. 2020). The ALJ then makes an RFC determination based "on all the evidence of record." *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013). An allegation that an ALJ cherry-picked the evidence "is seldom successful because crediting it would require a court to re-weigh record evidence." *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014) (citing *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 284 (6th Cir. 2009) ("[W]e see little indication that the ALJ improperly cherry picked evidence; the same process can be described more neutrally as weighing the evidence.")).

The ALJ found PA-C Winfrey's opinion on Plaintiff's psychological functioning to be partially persuasive, accepting and rejecting different portions of the opinion. (Tr. 31). Both the ALJ and PA-C Winfrey evaluated Plaintiff in four areas of mental capacity under the regulations: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A, § 12.00(E). PA-C Winfrey's opinion did not include an overall opinion for each area but gave opinions for multiple specific subareas under each area. (*See* Tr. 317-19). For the sake of simplicity here, we will treat the greatest limitation she found in any subarea as the limitation found for that area. The findings of the ALJ and PA-C Winfrey are summarized as follows:

| Area | The ALJ | PA-C Winfrey |
|---|---|---|
| Understand, remember, or apply information | Moderate | Moderate |
| Interact with others | Moderate | Mild |
| Concentrate, persist, or maintain pace | Moderate | Marked |
| Adapt or manage oneself | Mild | Mild |

The ALJ agreed with PA-C Winfrey in two areas, found a greater limitation in one area, and found a lesser limitation in one area. (*Compare* Tr. 27-28 *with* Tr. 317-19). This evidence somewhat undermines Plaintiff's claim that the ALJ accepted PA-C Winfrey's opinion as long as it supported rejecting disability. Nonetheless, further examination is important.

In six subareas of the ability to concentrate, persist, or maintain pace, PA-C Winfrey indicated that Plaintiff had two mild limitations, two moderate limitations, and two marked limitations. (Tr. 318). In contrast, the ALJ found that Plaintiff had an overall mild limitation regarding concentrating, persisting, or maintaining pace—specifically rejecting PA-C Winfrey's moderate and marked opinions. (Tr. 28, 32). This seems to be the main issue of Plaintiff's contention.

The ALJ first discussed the overall persuasiveness of PA-C Winfrey's opinion on psychological functioning. In doing so, the ALJ cited PA-C Winfrey's lack of apparent expertise in treating mental illness. (Tr. 31). He also noted that PA-C Winfrey's assessment took place before Plaintiff procured any "treatment from a mental health professional" and that Plaintiff's "mental health treatment notes consistently indicate" improvement through medication. *Id.*

The ALJ also specifically addressed the area of concentrating, persisting, or maintaining pace. The ALJ cited two things as being incompatible with PA-C Winfrey's moderate and marked assessments in this area: (1) Centerstone's classification of Plaintiff as having "overt symptoms causing noticeable, but modest, functional impairment or distress; symptom level may warrant medication;" and (2) "the mental status examinations throughout the Centerstone records." (Tr. 31-32).

Regarding the first rationale, the ALJ apparently felt that a "noticeable, but modest" impairment that "may warrant medication" was consistent with a mild classification rather than a moderate or marked one. While another person could come to a different conclusion, that opinion is within reason.

Concerning the second rationale, the ALJ's general reference to Centerstone records lacks detail. However, he already provided detail earlier in the opinion when discussing this very thing—concentrating, persisting, or maintaining pace—in his RFC determination. (*See* Tr. 28). There, the ALJ noted that "the records from Centerstone consistently indicated that her thought process was organized and logical, and her attention and concentration were normal." (Tr. 28). Also in this earlier section of the opinion, the ALJ went into great detail regarding consultative examiner Dr. Raphaeli's opinion to show why a mild limitation was appropriate in concentrating, persisting, and maintaining pace. *Id.* Therefore, the ALJ's brief reference to the Centerstone records the second time was reasonable.

In summary, the ALJ weighed the evidence and came to a conclusion as he was tasked to do. There is no evidence that the ALJ impermissibly cherry-picked evidence. PA-C Winfrey's opinion was considered in the context of all the evidence of record and was found to be persuasive in some regards, and unpersuasive in others. The ALJ cited evidence that reasonably supported his conclusion. Therefore, substantial evidence exists to support the ALJ's decision.

### B. Failure to create a logical bridge

Plaintiff claims the ALJ failed to create a logical bridge between the evidence and the result in two ways: (1) the ALJ provided no explanation for why the Centerstone records were inconsistent with PA-C Winfrey's opinion regarding Plaintiff's ability to concentrate, persist, or

maintain pace; and (2) the ALJ did not support his rejection of PA-C Winfrey's physical opinion. [Doc. 25 at 10, 12].

The first of these claims is addressed in Section V.A. above. It is unpersuasive. The second claim avers that (1) the ALJ did not provide "any evidence from other medical providers that is not consistent with PA-C Winfrey's opinion in his analysis;" and (2) "a reasonable person may conclude that PA-C Winfrey's treatment notes are supportive of the opinion." [Doc. 25 at 13].

Before addressing evidence from other medical providers, it is important to note that the ALJ detailed five reasons supporting his conclusion that PA-C Winfrey's physical opinion was inconsistent with her own treatment notes. (Tr. 32). Subsequently, he additionally referenced the treatment record as a whole without giving specific examples. *Id.* However, the ALJ had previously discussed Plaintiff's physical condition as found by multiple medical providers earlier in the opinion, including findings by Dr. Stephen Goewey, Dr. Lavell Allen, Dr. Kanika Chaudhuri, and Dr. Gloria Sellman. (Tr. 24-26, 30, 31). Much of what the ALJ cited from these medical providers is inconsistent with PA-C Winfrey's' assessment that Plaintiff would be unable to complete an eight-hour workday. Requiring the ALJ to repeat information already discussed is unnecessary.

Plaintiff's second claim—that it is reasonable to draw a different conclusion about PA-C Winfrey's treatment notes—does not further her cause. The legal standard is whether there is substantial evidence to support the ALJ's conclusion, not whether other conclusions are also reasonable. (*See* Section IV above). For the sake of argument, even if Plaintiff's claim is true, it does not change whether there is substantial evidence supporting the ALJ's conclusion.

The ALJ did not fail to create a logical bridge between the evidence and his conclusion. Rather, the ALJ supported his conclusion with both specific and general reasons as appropriate throughout the opinion. Therefore, there is substantial evidence to support the ALJ's conclusion.

## VI. Conclusion

Having reviewed the administrative record and the parties' briefs, Plaintiff's Motion for Judgment on the Administrative Record [Doc. 24] will be **DENIED**, the Commissioner's Motion for Summary Judgment [Doc. 29] will be **GRANTED**, and the decision of the ALJ is **AFFIRMED**. Judgment will be entered in favor of the Commissioner.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE